# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LA VON PRINCE, | ) |
|     Plaintiff, | ) ) ) |
| vs. | ) Case No. CIV-09-653-F ) |
| CITY OF OKLAHOMA CITY, | ) ) |
|     Defendant. | ) |

## ORDER

Defendant, the City of Oklahoma City ("City"), moves to dismiss plaintiff LaVon Prince's claims for punitive damages and plaintiff's <u>Burk</u> tort claim from this action which alleges race discrimination and retaliation.  Doc. no. 7.

### Summary of Issues

Plaintiff concedes that punitive damages are not available against the City. Accordingly, this aspect of the City's motion will be granted by agreement.

Defendant argues that the <u>Burk</u> tort claim must be dismissed because plaintiff has not complied with the notice requirements of the Oklahoma Governmental Tort Claims Act ("the GTCA" or "the Act") as stated in 51 O.S. 2001 §§ 156-157.

The motion is brought under Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P. However, the court primarily considers the motion under the standards of Rule 12(b)(1), for two reasons.  First, the GTCA provides an exception to the State's sovereign immunity and sovereign immunity issues are jurisdictional.  Second, matters outside the pleadings are referred to in the parties' briefs.  For example, the parties contend that notice has now, belatedly, been filed with the City.  Plaintiff also introduces arguments regarding work-share agreements in place among certain agencies, and both parties make contentions regarding substantial compliance with

GTCA requirements as a result of other filings. Under Rule 12(b)(1), the court has leeway to consider such matters.

## Standards

Rule 12(b)(1) motions generally take one of two forms. First, a moving party may make a facial attack on the complaint's allegations as to the existence of subject matter jurisdiction. Holt v. United States, 46 F.3d 1000, 1002 (10th Cir.1995) (internal citation omitted). In reviewing a facial attack, the district court must accept the allegations in the complaint as true. *Id.* Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction is based. *Id*. at 1003. In reviewing a factual attack, a court has "wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." *Id*. In the course of a factual attack under Rule 12(b)(1) such as has occurred here where not only are allegations regarding compliance challenged but the fact of compliance is also challenged, the court's reference to evidence outside the pleadings does not convert the motion into a Rule 56 motion. *See, id.*

## Discussion

Title 51 O.S. 2001, § 157.B. provides that "No action for any cause arising under this act, Section 151 et seq. of this title, shall be maintained unless valid notice has been given...." The referred to notice is described in §§ 156-157. Section 157.A. states that: "A person may not initiate a suit against the state or political subdivision unless the claim has been denied in whole or in part. A claim is deemed denied if the state or political subdivision fails to approve the claim in its entirety within ninety (90) days...." Accordingly, defendant argues that the GTCA requires dismissal of plaintiff's Burk tort claim because the complaint does not allege, and plaintiff cannot

show, that plaintiff has complied with the GTCA's notice provision which requires notice to the City at least ninety days before any suit is filed.

Plaintiff makes three principal arguments in response. Plaintiff argues that Burk claims brought in conjunction with claims under the Oklahoma Anti-Discrimination Act are exempt from the notice provisions of the GTCA. Plaintiff also argues that plaintiff's filing of discrimination charges with the Equal Employment Opportunity Commission ("the EEOC") is sufficient compliance with the notice provisions of the GTCA. Finally, plaintiff states that on July 28, 2009, thirty-nine days after the complaint was filed in this action on June 19, 2009, plaintiff filed notice as required by the GTCA. As a result, plaintiff argues that the Burk tort claim need not be dismissed.

As to the first issue, the court notes that in similar circumstances two judges in this district have previously held that the notice provisions of the GTCA apply to Burk torts alleged in conjunction with employment discrimination claims. In Neal Locke v. Grady County, CIV-09-0327-M, an age discrimination case, Judge Miles-LaGrange ruled that GTCA notice requirements applied and had not been complied with. As a result, the Burk tort claim was dismissed. *See*, doc. no. 13 in that action, attached to def's motion as ex. 1. In Sherry Baker v. The City of Fairview, et al., CIV-09-0534-HE, an action which alleges violations of Title VII, § 1983, and the Family Medical Leave Act along with state law claims, Judge Heaton dismissed the Burk tort claim without prejudice. Judge Heaton found that the Burk tort claim was premature because plaintiff had not complied with the GTCA prior to filing suit. In that action as in this one, plaintiff had belatedly given GTCA notice after the federal lawsuit was filed. *See*, doc. no. 17 in that action, attached to def's motion as ex. 2.

The undersigned agrees with these judges that based on the language of the Act and Oklahoma Supreme Court authorities, the GTCA applies to tort claims alleged

against a political subdivision and there is no exception for <u>Burk</u> tort claims alleged in conjunction with employment discrimination claims.  As stated in <u>Duncan v. City of Nichols Hills</u>, 913 P.2d 1303 (Okla. 1996), "the legislature intended the Governmental Tort Claims Act to apply to tort actions brought against the state or a political subdivision, whereas the Oklahoma Anti-Discrimination statutes were intended to provide redress for the types of discrimination embodied in the federal Civil Rights Acts." *Id*. at 1308.  The court further stated: "Had [plaintiff] asserted a cause of action in tort, or a parallel action as in *Tate*,[1] the plain language of the Act requires compliance with the notice provisions of the Act.  However, [plaintiff] brought his claim pursuant to a state statute specifically enacted to provide a remedy for persons discriminated against by reason of handicap." *Id*. at 1309-10.  *See also*, <u>Pellegrino v. State of Oklahoma</u>, 63 P.3d 535, 539 (Okla. 2003) ("if a claim is not a 'tort claim' under the GTCA then the claims procedure of the GTCA need not be followed prior to commencing a legal action"; "In other words, the GTCA procedure applies to a 'tort claim' as such is defined by the GTCA").  Plaintiff argues that the <u>Duncan</u> language, cited above, is dicta which should be disregarded based on <u>Pellegrino</u> and other authorities.  The guidance in <u>Duncan</u> is directly on point, however, and this court finds that it is correct to consider it.

Plaintiff also argues that application of the GTCA violates Art. 5, § 46 of the Oklahoma Constitution prohibiting local and special laws on certain subjects. Plaintiff argues that the relevant class for determining the applicability of the GTCA is the class used in <u>Saint v. Data Exchange, Inc.</u>, 145 P.3d 1037 (Okla. 2006), <u>Kruchowski v. Weyerhaeuser Co.</u>, 202 P.3d 144 (Okla. 2008), and <u>Shirazi v. Childtime Learning Ctr., Inc.</u>, 204 P.3d 75 (Okla. 2009).  Thus, plaintiff argues that

---

[1] <u>Tate v. Browning-Ferris, Inc.</u>, 833 P.2d 1218 (Okla. 1992) is a <u>Burk</u> tort case.

the correct class is comprised of the victims of all types of legally cognizable employment discrimination.

The relevant class for evaluating the constitutionality of the GTCA as applied here, however, is the class of individuals targeted by the GTCA. *See*, Glasco v. State ex rel. Oklahoma Department of Corrections, 188 P.3d 177, 185-86, 192 (Okla. 2008). The GTCA requires all members of this class of claimants to file notice prior to asserting their tort claim against a state or a political subdivision. Thus, applying the GTCA to plaintiff's Burk tort claim does not offend Art. 5, § 46 of the Oklahoma Constitution. *See*, Neal Locke v. Grady County at p. 5.

Plaintiff next argues that the alleged fact, and the actual fact, that plaintiff has filed discrimination charges with the Equal Employment Opportunity Commission satisfies the GTCA notice requirement. Plaintiff argues that substantial compliance with the notice requirements of the GTCA is sufficient. Plaintiff also argues that the work-share agreement among the EEOC, the State of Oklahoma, and the OHRC, makes notice of discrimination claims filed with the EEOC or the OHRC sufficient for purposes of the notice required by the GTCA. Judge Miles-LaGrange has held that a charge of discrimination filed with the EEOC does not satisfy requirements of the GTCA. *See*, Neal Locke v. Grady County, at p. 4. The undersigned agrees. The GTCA requires written notice of a claim to be filed with the clerk of the governing body in question, 51 O.S. 2001 §156.D. Furthermore, the GTCA requires the notice to include very specific information regarding, for example, the amount of compensation or other relief demanded, along with the name, address and telephone number of any agent authorized to settle the claim. Plaintiff neither alleged, nor presented evidence to show, that substantial compliance occurred here as a result of plaintiff's EEOC charge.

Finally, the fact that plaintiff has now filed a notice with the GTCA does not cure the deficiency. The GTCA provides that a plaintiff cannot initiate a tort claim against a political subdivision unless valid notice has been given and the subdivision has approved or denied the claim. 51 O.S. 2001 § 157. It is obvious from the requirements of the statute that the purpose of the notice is not simply to make the political subdivision aware of the claim. Rather, purposes of the notice requirement include providing the political subdivision with an opportunity to promptly investigate the claim, to assess any fiscal liability, and to communicate with the claimant regarding possible resolution before any lawsuit is filed. As stated in Hathaway v. State of Oklahoma, ex rel. Medical Research & Technical Authority, 49 P.3d 740, 743-44 (Okla. 2002):

> The Legislature clearly intended that a governmental entity should have ninety days to consider a claim before the expense of an action is imposed upon it. If we accepted Hathaway's argument that premature actions should ripen into timely actions, we would, in effect, encourage premature governmental tort claims actions and completely frustrate the intent of the 90-day waiting period. Accordingly, a governmental tort claims action filed within the 90-day period provided in 51 O.S.2001, §157(A) is subject to dismissal both before and after the 90-day period expires.

*Id*. at 744.

Given these concerns, the fact that plaintiff has now filed notice with the City does not save the Burk tort claim from dismissal, and the Burk tort cannot simply be held in abeyance while the ninety-day period runs. Dismissal of the Burk tort claim is required. *See*, Judge Heaton's order in Sherry Baker at p. 3, citing Hathaway.

### Plaintiff's Request to Certify

Existing legal authorities provide an adequate basis upon which to determine the issues presented. Accordingly, plaintiff's request that the court certify the <u>Burk</u> tort issue to the Oklahoma Supreme Court is rejected.

### Plaintiff's Request to Amend

Plaintiff's request to file an amended complaint alleging substantial compliance with the Oklahoma Governmental Tort Claims Act notice requirement is rejected. At this point, plaintiff has not substantially complied with the Act. Moreover, it would be futile to amend the complaint at this stage because plaintiff cannot yet allege compliance with the notice requirement of the Act or expiration of the ninety-day waiting period.

### Rulings

After careful consideration, the City's motion to dismiss certain claims is **GRANTED** under Rule 12(b)(1).[2] Plaintiff's claims for punitive damages are **DISMISSED** by agreement, and plaintiff's <u>Burk</u> tort claim is **DISMISSED** without prejudice.

Dated this 9th day of September, 2009.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0653p001.wpd

---

[2] Alternatively, the motion is considered under Rule 12(b)(6). For purposes of Rule 12(b)(6) all matters beyond the face of the pleadings are excluded from the court's consideration. Based on the pleadings, the court finds that the complaint fails to state a claim for relief because there are no allegations of compliance with the Oklahoma Governmental Tort Claims Act's notice requirement. Under Rule 12(b)(6), as under Rule 12(b)(1), the <u>Burk</u> tort claim is dismissed without prejudice.